Filed 6/22/23  P. v. Hurley CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E079223 |
| v. | (Super.Ct.No. FWV1503052) |
| TAJH ABRAHAM HURLEY, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Jon D. Ferguson, Judge.  Reversed and remanded with directions.

Cynthia M. Jones, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, and Robin Urbanski, Deputy Attorney General, for Plaintiff and Respondent.

1

# I.  INTRODUCTION

Defendant and appellant, Tajh Abraham Hurley, filed a petition for resentencing pursuant to Penal Code former section 1170.95,[1] which the court denied.  After defense counsel filed a notice of appeal, this court appointed counsel to represent defendant.

Counsel filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) and *Anders v. California* (1967) 386 U.S. 738 (*Anders*),[2] setting forth a statement of the case and one potentially arguable issue:  whether the court erred in denying the petition.  We offered defendant the opportunity to file a personal supplemental brief, which he has not done.

After we exercised our discretion to independently review the record for error,[3] we ordered the parties to brief the following issues:  (1) whether the court erred in determining that defendant was prima facie ineligible for section 1172.6 relief, in part, based on defendant's "admission" to having acted with malice; (2) whether the court erred in denying defendant's petition based, in part, on its own memory of the case;

---

[1]  All further statutory references are to the Penal Code unless otherwise indicated. Effective June 30, 2022, Assembly Bill No. 200 (2021-2022 Reg. Sess.) amended and renumbered section 1170.95 as section 1172.6.  (Stats. 2022, ch. 58, § 10.)

[2]  In *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*), the California Supreme Court held that *Wende* and *Anders* procedures do not apply to appeals from the denial of a section 1172.6 postjudgment petition.  (*Delgadillo*, at pp. 224-226.)

[3]  "[I]f the appellate court wishes, it may also exercise its discretion to conduct its own independent review of the record in the interest of justice."  (*Delgadillo*, *supra*, 14 Cal.5th at p. 230; *id* at p. 232 ["[I]t is wholly within the court's discretion [to] conduct[] its own independent review of the record in any individual section 1172.6 appeal."]; *id.* at p. 233, fn. 6 ["[T]he decision to conduct independent review is solely up to the discretion of the Courts of Appeal . . . ."].)

(3) whether the court erred in denying the petition based, in part, on defendant's admission to a personal use of a firearm enhancement; and (4) whether, if there was any error, this court could deem the error harmless in reliance on the evidence contained in the preliminary hearing transcript, which defendant stipulated would form the factual basis for the plea.

Defendant contends the court erred in finding he admitted to acting with malice, and in denying the petition, in part, on defendant's admission to a personal use of a firearm enhancement. Defendant additionally maintains that, to the extent it did so, the court erred in relying on its own memory of the case in denying the petition. Finally, defendant argues the errors cannot be deemed harmless in reliance on the preliminary hearing transcript because it consisted entirely of inadmissible hearsay.

The People concede that the court erred to the extent it relied on defendant's "admission" to having acted with malice, and in relying on the court's own memory of the case. However, the People maintain, under the facts of this case, defendant's admission to a personal use of a firearm enhancement rendered him ineligible for relief. Moreover, the People argue this court can conclude that any error was harmless in proper reliance upon the evidence adduced at the preliminary hearing. We reverse and remand the matter for an evidentiary hearing.

3

## II. FACTUAL AND PROCEDURAL BACKGROUND[4]

On August 1, 2015, an officer responded to a call regarding possible gunshots. The officer contacted the homeowner, defendant's mother; she indicated defendant had been at the home earlier in the day while her boyfriend, the victim, was present.

Defendant had been speaking angrily to the victim. He asked the victim if he was willing to die for defendant's mother. Defendant pulled out a handgun and shot the victim three times at point blank range.

Defendant left the residence. The victim incurred three gunshot wounds. Another officer responded to the emergency room where the victim identified defendant as the shooter.

The People charged defendant by information with attempted, premediated murder (§§ 664/187, subd. (a); count 1) and assault with a firearm (§ 245, subd. (a)(1); count 2). The People additionally alleged, as to the count 1 offense, that defendant had personally used a firearm (§12022.53, subd. (b)), personally and intentionally discharged a firearm (§ 12022.53, subd. (c)), and personally and intentionally discharged a firearm which caused great bodily injury (§ 12022.53, subd. (d)). As to count 2, the People alleged defendant had personally inflicted great bodily injury (§ 12022.7, subd. (a)).

On August 2, 2019, pursuant to a negotiated plea agreement, defendant pled no contest to attempted murder without premeditation and deliberation (§§ 664/187) and admitted that he personally used a firearm in his commission of the offense (§ 12022.53,

---

[4] Counsel stipulated that the preliminary hearing transcript would provide a factual basis for the plea.

subd. (b)).  In return, as provided in the plea agreement, the court dismissed the remaining count and allegations; the court sentenced defendant to 19 years of imprisonment.

On May 19, 2022, defendant filed a form petition for resentencing pursuant to former section 1170.95.  At a hearing on June 16, 2022, the People noted, "It's here for a 1437.  However, the defendant did plead to personal discharge of a firearm, so I do not believe he qualifies."

The court responded, "I remember I took the plea."  The court asked defense counsel for his position.  Defense counsel responded, "Nothing the [district attorney] said is incorrect.  I'm ready for determination of prima facie today.  I object to reasoning."

The court stated, "I believe it was filed as an attempted murder from the get-go; it wasn't a plea to an alternate charge, . . . he admitted to malice and a personal use of a firearm.  I would be inclined to find no prima facie in the case, and deny it at this point."

### III.  DISCUSSION

*A.  General Law*

"Senate Bill 1437 [(2017-2018 Reg. Sess.)] significantly limited the scope of the felony-murder rule to effectuate the Legislature's declared intent 'to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life.' " (*People v. Strong* (2022) 13 Cal.5th 698, 707-708.) "Senate Bill 1437 also created a special procedural mechanism for those convicted under

5

the former law to seek retroactive relief under the law as amended. [Citations.] Under newly enacted section 1172.6, the process begins with the filing of a petition containing a declaration that all requirements for eligibility are met [citation], including that '[t]he petitioner could not presently be convicted of murder or attempted murder because of changes to . . . Section 188 or 189 made effective January 1, 2019,' the effective date of Senate Bill 1437 [citation]." (*Id.* at p. 708, fn. omitted.)

"While the trial court may look at the record of conviction after the appointment of counsel to determine whether a petitioner has made a prima facie case for . . . relief, the prima facie inquiry . . . is limited. Like the analogous prima facie inquiry in habeas corpus proceedings, ' "the court takes petitioner's factual allegations as true and makes a preliminary assessment regarding whether the petitioner would be entitled to relief if his or her factual allegations were proved. If so, the court must issue an order to show cause." ' [Citation.] '[A] court should not reject the petitioner's factual allegations on credibility grounds without first conducting an evidentiary hearing.' " (*People v. Lewis* (2021) 11 Cal.5th 952, 971 (*Lewis*).) "In reviewing any part of the record of conviction at this preliminary juncture, a trial court should not engage in 'factfinding involving the weighing of evidence or the exercise of discretion.' " (*Id*. at p. 972.) "[T]he 'prima facie bar was intentionally and correctly set very low.' " (*Ibid*.)

*B. Defendant's "Admission" to Acting with Malice*

Defendant contends the court erred in denying the petition based, in part, on its finding that defendant acted with malice. The People concede the court erred in doing so. We agree.

Defense counsel's stipulation to an extrinsic document as a factual basis does not, in and of itself, establish an admission by the defendant that he acted with malice. (*People v. Rivera* (2021) 62 Cal.App.5th 217, 235 [defendant's stipulation to the grand jury transcript as the factual basis for his plea did not establish admission of malice] (*Rivera*).)

Here, defendant pled no contest to attempted murder *without* premeditation and deliberation. He never admitted that he acted with malice. Rather, *counsel* stipulated that the preliminary hearing transcript would provide the factual basis for the plea. Nothing in the preliminary hearing transcript includes an admission by defendant that he acted with malice. Instead, any such determination would require a finding of fact, which is prohibited at the prima facie stage. (*Lewis*, *supra*, 11 Cal.5th at p. 972 ["In reviewing any part of the record of conviction at this preliminary juncture, a trial court should not engage in 'factfinding involving the weighing of evidence or the exercise of discretion.' "].) Thus, the court erred in denying the petition, in part, on its finding that defendant had acted with malice.

7

*C. The Court's Memory of the Case*

Defendant contends that the court erred to the extent it denied the petition, in part, based on its own memory of the case. The People concede the court erred to the extent it did so. We agree.

A defendant "appropriately faults the superior court for relying on its recollection of his trial . . . to determine whether he made the requisite prima facie showing for relief under [former] section 1170.95 . . . ." (*People v. Mancilla* (2021) 67 Cal.App.5th 854, 867, fn. 4.; *People v. Tarkington* (2020) 49 Cal.App.5th 892, 911, fn. 15 ["Memory is fallible, and obviously does not suffice. A court's ruling on the first prima facie eligibility showing must be based on the record in the case."], abrogated on another ground by *Lewis*, *supra*, 11 Cal.5th at pp. 963-965.)

Here, the court noted, "I remember I took the plea." The court further stated, "I believe it was filed as an attempted murder from the get-go; it wasn't a plea to an alternate charge, . . . he admitted to malice and a personal use of a firearm. I would be inclined to find no prima facie in the case, and deny it at this point." Thus, to the extent the court's denial of the petition was based on its memory of the case, the court erred.

*D. Defendant's Admission to a Personal Use of a Firearm Enhancement*

Defendant contends the court erred to the extent it denied the petition, in part, on defendant's admission to a personal use of a firearm enhancement. The People maintain, under the facts of this case, defendant's admission to a personal use of a firearm enhancement rendered him ineligible for relief. We agree with defendant.

8

"[A]lthough in theory, a finding that a defendant personally used a firearm does not in itself prove a defendant is the actual killer [citation], the facts of a particular case may support [] that conclusion." (*People v. Garrison* (2021) 73 Cal.App.5th 735, 743.) "[W]hen the record shows only one person displayed and used a gun and '[a]ll evidence points to defendant . . . as the one with the gun,' the true finding on a personal use enhancement demonstrates that the defendant was the actual killer. [Citation.]" (*Id*. at p. 744.)

"[A]n enhancement under section 12022.53, subdivision (d) does not require that the defendant acted either with the intent to kill or with conscious disregard to life, it does not establish that the defendant acted with malice aforethought." (*People v. Offley* (2020) 48 Cal.App.5th 588, 598; *People v. Davenport* (2021) 71 Cal.App.5th 476, 485 [no contest plea to second degree murder and section 12022.5, subd. (a), personal use enhancement did not preclude eligibility for relief].) Someone personally uses a firearm within the meaning of section 12022.53, subdivision (b), when he intentionally displays the weapon in a menacing manner, hits someone with the weapon, or fires it. (CALCRIM No. 3146.)

Here, defendant's *bare admission* to a personal use of a firearm enhancement under section 12022.53, subdivision (b), even with his no contest plea to attempted murder, did not preclude him from relief as a matter of law because, *without resort to additional facts*, it does not reflect that defendant was the actual shooter and/or harbored a disqualifying mens rea. The People's contention that the personal use of a firearm

enhancement, *under the facts of this case*, rendered defendant ineligible for relief begs the question of whether the court could rely on the facts garnered from the preliminary hearing transcript at the prima facie stage. Thus, the court erred to the extent it concluded that defendant's admission to the personal use enhancement alone rendered him ineligible for relief.

### E. Reliance on the Preliminary Hearing Transcript

Defendant contends this court cannot find any error harmless in reliance upon the facts contained in the preliminary hearing transcript. The People disagree. We agree with defendant.

"Hearsay evidence that was admitted in a preliminary hearing pursuant to subdivision (b) of section 872 is inadmissible at the evidentiary hearing, unless made admissible by another exception to the hearsay rule. [Citation.]" (*People v. Flores* (2022) 76 Cal.App.5th 974, 986 (*Flores*).) "If such evidence may not be considered at an evidentiary hearing to determine a petitioner's ultimate eligibility for resentencing, we fail to see how such evidence could establish, as a matter of law, a petitioner's ineligibility for resentencing at the prima facie stage." (*Id*. at 988, fn. omitted [preliminary hearing transcript relied upon by the People did not establish the defendant's ineligibility for resentencing as a matter of law].)

Since a " 'defendant is not required to personally admit the truth of the factual basis of the plea, which may be established by defense counsel's stipulation to a particular document[,]' " "absent an indication that a defendant admitted the truth of

10

particular facts, the stipulation to a factual basis for the plea does not 'constitute[] a binding admission for all purposes.' " (*Rivera*, *supra*, 62 Cal.App.5th at p. 235 [concluding that defense counsel's stipulation to the grand jury testimony did not correspond to an admission by the defendant to any of the evidence presented therein, such that the defendant was not per se ineligible for relief at the prima facie stage], quoting *People v. French* (2008) 43 Cal.4th 36, 50-51.)

Here, defendant did not admit the truth of the evidence adduced at the preliminary hearing; rather, defense counsel merely stipulated that the preliminary hearing transcript would provide the factual basis for the plea. The preliminary hearing transcript consists of the testimony of two police officers relating what defendant's mother and the victim had told them. That testimony is, at most points, at least one layer of hearsay, and two when the officer testified as to what defendant said to his mother. The evidence does not exclude the possibility that defendant could have been convicted pursuant to a theory of imputed malice. (*Davenport*, *supra*, 71 Cal.App.5th at p. 485.) Thus, the evidence is inadmissible to prove that defendant is per se ineligible for relief at the prima facie hearing stage. "To find petitioner ineligible for resentencing on this record would require judicial factfinding, which is impermissible at the prima facie stage. [Citation.]" (*Flores*, *supra*, 76 Cal.App.5th at pp. 991-992.)

11

# IV.  DISPOSITION

The order dismissing defendant's petition is reversed.  The matter is remanded with directions to issue an order to show cause under section 1172.6, subdivision (c), and to hold a hearing under section 1172.6, subdivision (d)(1).

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

McKINSTER
                                                                    J.

We concur:


RAMIREZ
          P. J.


MENETREZ
          J.


12